IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br>vs<br>ROSARIO MARTI-LON<br>Defendant | CRIMINAL 04-0045CCC |

## O R D E R

Having considered the United States' Sealed Notice of Rule 404(b) Material (**docket entry 76**), defendant's Opposition to Government's Fed.R.Evid. 404(b) Notice (**docket entry 79**), the Government's Response to Motion Objecting 404(b) Evidence (**docket entry 83**), and defendant's Reply to Government's Response (**docket entry 89**), said motion is GRANTED. Both parties have, at times, made confusing arguments in their motions. The 404(b) evidence offered in this case are the documents attached to the 404(b) notice, to wit: the 1995 and 1996 applications for a wholesale druggist license and the certifications of register and continued education accompanying each application which state that defendant had complied with the requirements of the register of the license and continued education pursuant to Law 11 of June 23, 1976, as amended.

Defendant contends that the claim that these documents contain false information is a "shaky one." However, the March 8, 2004 certification from the Department of Health clearly states that she was issued license no. 2745 on April 19, 1979 and that since the year 1989 she has not complied with the requirements of the registry of professionals in order to maintain her pharmacist's license in effect. Defendant gives a narrow reading to the 2004 certification. This certification is, nonetheless, clear and definitive on the fact certified that, as of 1989, defendant has not been a licensed pharmacist. Contrary to what defendant argues, the 2004 certification constitutes sufficient evidence that the 1995-96 certifications attached to the license applications to operate a pharmaceutical wholesaler submitted by defendant on behalf of Pharma Health, Inc. for those two years, as its lead pharmacist, contain false information submitted to the Department of Health of the Commonwealth of Puerto Rico.

CRIMINAL 04-0045CCC                              2

      The government has ascribed special relevance to these documents in two ways: (1) as relevant to prove defendant's knowledge prior to the period charged in the indictment that a license was required to conduct transactions as a pharmaceutical wholesaler and (2) to establish with regard to the 18 U.S.C. §1001 false statement charge in Count Eleven of the Indictment that, as charged therein, she had engaged in similar conduct by submitting false information to a government agency or agent.

      Defendant concedes in her reply (docket entry 89) that the evidence is probative for the stated purpose that it has been offered, that is, that she must have known in 1997-2000 that a license was required for a wholesale distribution of prescription drugs by a wholesaler or "droguería." Defendant claims, however, that this can be done without reference to the inclusion of false information in the 1995-96 applications since that is unduly prejudicial to her. She does not, however, offer to stipulate that which she concedes is probative. Since the government has shown that the only way it can establish that defendant had such knowledge in 1997-2000 is by presenting evidence of her prior bad acts in 1995-96, since the Court finds that defendant has acknowledged the probative value of the 1995-96 applications and attachments, and since its probative value outweighs any prejudicial effect on the defendant, unless defendant informs that she is willing to stipulate that as of 1995-96 she had knowledge of such licensing requirement, the Court will authorize the admission of the 1995-96. applications and the certifications corresponding to each.

      We must add that this 404(b) evidence also has probative value as to the false statement charge, Count Eleven, on the element of intent. Defendant's argument does not persuade the Court of its lack of relevance nor does she establish how its probative value is outweighed by undue prejudice to her. There is indeed a similarity of conduct between the false information provided to an agency in 1995-96 and the alleged false information provided to an agent as charged in Count Eleven. The events are also proximate in time although distinct as to the contents of the false information submitted in 1995-96 to the Department of Health and purportedly submitted to the interviewing agent in December 2000.

      This evidence does not fall outside the realm of any other evidence that has the effect of harming a defendant due to its probative force. Beyond that, there is no indication that it would unduly prejudice the defendant to a degree that it should be excluded despite its probative value.

CRIMINAL 04-0045CCC                3

    For the reasons stated, the 1995-96 applications and the corresponding certifications attached to docket entry 76, as well as the 2004 certification, are admitted as 404(b) evidence in the government's case-in-chief.

    SO ORDERED.

    At San Juan, Puerto Rico, on September 29, 2005.

                                        S/CARMEN CONSUELO CEREZO
                                        United States District Judge